THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
JAREK MOLSKI
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION
SERVICES: HELPING YOU
HELP OTHERS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAREK MOLSKI, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> THE COVE; GURRIES ENTERPRISES; and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, <br><br> Defendants. | **CASE NO. C 04-1880 HRL** <br> <u>Civil Rights</u> <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br> **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*) <br><br> **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 <br><br> **3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.* <br><br> **4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) <br><br> **5th CAUSE OF ACTION:** For Unfair Business Practices in Violation of California Business and Professions Code §17200, *et seq.* <br><br> **DEMAND FOR JURY** |

1      Plaintiffs JAREK MOLSKI, an individual; and DISABILITY RIGHTS

2 ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a

3 California public benefit corporation (hereinafter sometimes referred to as "DREES"),

4 complain of defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C.

5 JOOS, dba THE COVE and allege as follows:

6 **INTRODUCTION:**

7      1.    This is a civil rights action for discrimination against persons with physical

8 disabilities, of which class plaintiff JAREK MOLSKI and the membership of DREES are

9 members, for failure to remove architectural barriers structural in nature at defendants' THE

10 COVE, a place of public accommodation, thereby discriminatorily denying plaintiffs and the

11 class of other similarly situated persons with physical disabilities access to, the full and equal

12 enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

13 and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

14 Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

15 §§51, 51.5 and 54, *et seq.*; California Health & Safety Code §19955, *et seq.* and California

16 Business and Professions Code §17200, *et seq.*

17      2.    Plaintiff JAREK MOLSKI is a person with physical disabilities who, on or

18 about May 22, 2003, was an invitee, guest, patron, customer at defendants' THE COVE, in

19 the City of Gilroy, California.  At said time and place, defendants failed to provide proper

20 legal access to THE COVE, "which is a public accommodation" and/or a "public facility"

21 including, but not limited to signage, parking, entry door, food counter, men's restroom and

22 women's restroom.  The denial of access was in violation of both federal and California legal

23 requirements, and plaintiff JAREK MOLSKI suffered violation of his civil rights to full and

24 equal access, and was embarrassed and humiliated.

25 ///

26 ///

27 ///

28 ///

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24, California Building Standards Code; and California Business and Professions Code §17200, *et seq.*

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near 303 First Street in the City of Gilroy, County of Santa Clara, State of California, and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.     Plaintiff JAREK MOLSKI is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities."  (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons."  Plaintiff JAREK MOLSKI is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff JAREK MOLSKI is a paraplegic. Plaintiff JAREK MOLSKI requires the use of a wheelchair to travel about in public.  Consequently, plaintiff JAREK MOLSKI is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

1 Rights Act, Civil Code §§51, 51.5 and 54, *et seq.* and California Business and Professions

2 Code §17200, *et seq.*

3       6.    Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:

4 HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that

5 works with persons with disabilities to empower them to be independent in American society.

6 DREES accomplishes its goals and purposes through education on disability issues,

7 enforcement of the rights of persons with disabilities, and the provision of services to persons

8 with disabilities, the general public, public agencies and the private business sector.

9       7.    Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C.

10 JOOS, dba THE COVE (hereinafter alternatively collectively referred to as "defendants") are

11 the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or

12 lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings

13 which constitute a public facility in and of itself, occupied by THE COVE, a public

14 accommodation, located at/near 303 First Street, Gilroy, California, and subject to the

15 requirements of California state law requiring full and equal access to public facilities pursuant

16 to 1995 of the Health & Safety Code, and §§51, 51.5, 52(a), 54.1 and 54.3 of the Civil Code,

17 and subject to Title III of the Americans with Disabilities Act of 1990, and to all other legal

18 requirements referred to in this complaint.

19       8.    At all times relevant to this complaint, defendants GURRIES ENTERPRISES;

20 and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, are the lessees, or agents of the

21 lessees, and/or lessors, of said premises, and/or alter egos of the lessees, lessors and their

22 agents, and own and operate in joint enterprise the subject THE COVE as a public facility

23 at/near 303 First Street, Gilroy, California.  This business is open to the general public and

24 conducts business therein.  The business operating on said premises is a "public

25 accommodation" or "public facility" subject to the requirements of California Civil Code §54,

26 *et seq.*  Plaintiffs do not know the relative responsibilities of each of the defendants in the

27 operation of the facilities herein complained of, and allege a joint venture and common

28 enterprise by all such defendants.

9.     At all times relevant to this complaint, defendants GURRIES ENTERPRISES; and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE are the landlords/lessors, tenants/lessees and the owners and operators of the subject THE COVE, a public facility located at/near 303 First Street, Gilroy, California.  As such, these defendants are jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201     General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

10.     Plaintiffs do not know the true names of defendants GURRIES ENTERPRISES; and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants.  Plaintiffs are informed and believe that each of the defendants herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and

1  responsibilities of defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C.

2  JOOS, dba THE COVE are ascertained.

3      11.    Plaintiffs are informed and believe that all named defendants conspired to

4  commit the acts described herein, or alternatively, aided and abetted one another in the

5  performance of the wrongful acts hereinafter alleged.

6  **PRELIMINARY FACTUAL ALLEGATIONS:**

7      12.    Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C.

8  JOOS, dba THE COVE  are the private persons and/or entities that are public accommodations

9  that own, lease (or lease to), or operate the THE COVE located at/near 303 First Street,

10  Gilroy, California.  THE COVE, its signage, parking, entry door, food counter, men's

11  restroom, women's restroom and its other facilities are each a "place of public accommodation

12  or facility" subject to the requirements of the Americans with Disabilities Act and California

13  Health & Safety Code §19955, *et seq.* On information and belief, each such facility has, since

14  July 1, 1970, undergone "alterations, structural repairs and additions," each of which has

15  subjected THE COVE and each of its facilities, its signage, parking, entry door, food counter,

16  men's restroom and women's restroom to handicapped access requirements per the Americans

17  with Disabilities Act Accessibility Guidelines for Buildings & Facilities (ADAAG), Civil Code

18  §54.1, and §19959, Health & Safety Code.

19      13.    Plaintiff JAREK MOLSKI is a person with a disability.  Plaintiff JAREK

20  MOLSKI is a "person with physical disabilities," as defined by all applicable California and

21  United States laws.  Plaintiff JAREK MOLSKI is a paraplegic. Plaintiff JAREK MOLSKI

22  requires the use of a wheelchair for mobility and to travel in public.

23      14.    Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:

24  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization, the

25  purposes of which are promoting, providing and advocating disability rights, education,

26  independent living, enforcement and services which help provide assistance to persons with

27  disabilities and persons and entities who in turn will help others who have disabilities.

28  ///

15.     That members of DREES, like plaintiff JAREK MOLSKI, will or have been guests and invitees at the subject THE COVE, and that the interests of plaintiff DREES in removing architectural barriers at the subject THE COVE advance the purposes of DREES to assure that all public accommodations, including the subject THE COVE, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

16.     At all times stated herein, plaintiff JAREK MOLSKI was a member of DREES.

17.     At all times stated herein, Jarek "the sheriff" Molski acted as a private attorney general by and through his attorneys to enforce the Code of Federal Regulations to ensure THE COVE is accessible not only for himself but other persons with disabilities.

18.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out THE COVE as being handicapped accessible and handicapped usable.

19.     On or about May 22, 2003, plaintiff JAREK MOLSKI was an invitee and guest at the subject THE COVE with his significant other Brygida Molski for purposes of having a meal.

20.     On or about May 22, 2003, plaintiff JAREK MOLSKI pulled into the parking lot where THE COVE was located.  There was no handicapped accessible van parking or regular handicapped accessible parking.  There was no handicapped accessible parking signage.

21.     At said time and place, plaintiff took up two parking spaces to keep from being blocked in.

22.     At said time and place, plaintiff JAREK MOLSKI tried the entry door but the door pressure was too great at 11 lbs.

23.     At said time and place, plaintiff went to the highest food counter he has ever experienced.  The food counter was so high he couldn't reach the top from his wheelchair.

24.     At said time and place, plaintiff, after being served, had need to use a restroom. It did not matter if it was a men's restroom or a women's restroom.

25.    At said time and place, plaintiff attempted to use the men's restroom.  The men's restroom was too narrow and defendants failed to install a rear grab bar.  In addition, defendants placed the toilet only fourteen and a half inches from the centerline.

26.    At said time and place, plaintiff attempted to transfer using only one grab bar, and as a result injured his upper extremities.

27.    Therefore, at said time and place, plaintiff JAREK MOLSKI, a person with a disability, encountered the following inaccessible elements of the subject THE COVE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of directional signage to show accessible routes of travel i.e. entrances;

    b.    lack of the requisite type and number of disabled parking stall(s);

    c.    lack of the requisite number of regular disabled parking stall(s);

    d.    lack of disabled van accessible parking stall(s);

    e.    lack of handicapped accessible parking signage;

    f.    lack of tow-a-way signage;

    g.    lack of an accessible entrance due to heavy door pressure;

    h.    lack of handicapped accessible food counter;

    i.    lack of a handicapped-accessible women's public restroom;

    j.    lack of a handicapped-accessible men's public restroom, and;

    k.    on personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

28.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

29.    As a legal result of defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies,

1   practices and procedures that denied access to plaintiffs and other persons with disabilities,

2   plaintiffs suffered the damages as alleged herein.

3       30.     At all times stated herein, defendants, and each of them, were "negligent per

4   se" in not removing architectural barriers determined by the Department of Justice to be

5   considered a safety concern/safety hazard where it was readily achievable for said public

6   accommodation to remove barriers. The barriers and those requirements for barrier removal

7   are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to

8   as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those

9   barriers encountered by plaintiff, plaintiff suffered bodily injury.

10      31.     As a further legal result of the actions and failure to act of defendants, and as a

11  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

12  herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

13  Plaintiff JAREK MOLSKI suffered a loss of his civil rights and his rights as a person with

14  physical disabilities to full and equal access to public facilities, and further suffered bodily

15  injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting

16  to and/or transferring on, over, through and around architectural barriers.  Specifically, as a

17  legal result of defendants negligence in designing, constructing and maintaining its existing

18  men's restroom without the additional grab bar, plaintiff injured his upper extremities while

19  transferring to and from the toilet.), physical discomfort, emotional distress, mental distress,

20  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

21  embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated

22  with a person with physical disabilities being denied access, all to his damages as prayed

23  hereinafter in an amount within the jurisdiction of this court.

24  ///

25  ///

26  ///

27  ///

28  ///

1    32.    Defendants', and each of their, failure to remove the architectural barriers

2    complained of herein created, at the time of plaintiff JAREK MOLSKI's first visit to said

3    public accommodation, and continues to create continuous and repeated exposure to

4    substantially the same general harmful conditions which caused plaintiff JAREK MOLSKI

5    fatigue, stress, strain and pain in futiley attempting to overcome the architectural barriers as

6    stated herein.

7    33.    Plaintiff JAREK MOLSKI is "physically handicapped," "physically disabled,"

8    or a "person with physical disabilities" who was denied his rights to equal access to a public

9    facility by defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS,

10   dba THE COVE, because defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and

11   VICKI C. JOOS, dba THE COVE maintained a restaurant without access for persons with

12   physical disabilities to its facilities, including but not limited to the signage, parking, entry

13   door, food counter, men's restroom, women's restroom and other public areas as stated

14   herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and

15   other persons with physical disabilities in these and other ways.

16   34.    Plaintiff DREES, whose members and the disability community that DREES

17   serves are "physically handicapped," "physically disabled," or "persons with physical

18   disabilities" and were, are and will be denied their rights to equal access to a public facility by

19   defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE

20   COVE because defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C.

21   JOOS, dba THE COVE maintained a restaurant without access for persons with physical

22   disabilities to its facilities, including but not limited to the signage, parking, entry door, food

23   counter, men's restroom, women's restroom and other public areas as stated herein, and

24   continue to the date of filing this complaint to deny equal access to plaintiff and other persons

25   with physical disabilities in these and other ways.

26   35.    On information and belief, construction alterations carried out by defendants

27   have also triggered access requirements under both California law and the Americans with

28   Disabilities Act of 1990.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    10

36.     Plaintiffs, as described hereinbelow, seek injunctive relief to require THE COVE to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate THE COVE as a public facility.  Plaintiffs seek damages for violation of their civil rights, from May 22, 2003 until such date as defendants bring THE COVE into compliance with the requirements of California and federal law.  To encourage defendants to bring THE COVE into compliance with the law, plaintiffs also seek daily damages of not less than $4,000/day, pursuant to §§52(a) and 54.3, California Civil Code, for each day after his visit until such time as THE COVE is made fully accessible to plaintiffs and to other persons with physical disabilities.

37.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

38.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make THE COVE accessible to persons with disabilities.

39.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify exemplary damages pursuant to §3294 of the Civil Code, in amounts sufficient to make a more profound example of defendants, and each of them, to other operators of other

1 restaurants and other public facilities, and to punish defendants and to carry out the purposes

2 of §3294 of the Civil Code.

3     40.   Plaintiffs are informed and believe and therefore allege that defendants

4 GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, and

5 each of them, caused the subject building(s) which constitute THE COVE to be constructed,

6 altered and maintained in such a manner that persons with physical disabilities were denied full

7 and equal access to, within and throughout said building(s) of THE COVE and were denied

8 full and equal use of said public facilities.  Further, on information and belief, defendants have

9 continued to maintain and operate said restaurant and/or its building(s) in such conditions up to

10 the present time, despite actual and constructive notice to such defendants that the

11 configuration of THE COVE and/or its building(s) is in violation of the civil rights of persons

12 with physical disabilities, such as plaintiff JAREK MOLSKI, the membership of plaintiff

13 DREES and the disability community which DREES serves.  Such construction, modification,

14 ownership, operation, maintenance and practices of such public facilities are in violation of

15 law as stated in Part 5.5, Health & Safety Code §19955-19959, *et seq.* and elsewhere in the

16 laws of California.

17     41.   On information and belief, the subject public facilities and building(s) of THE

18 COVE denied full and equal access to plaintiffs and other persons with physical disabilities in

19 other respects due to noncompliance with requirements of Title 24 of California Building

20 Standards Code and Health & Safety Code §19955, *et seq.*

21     42.   On personal knowledge, information and belief, the basis of defendants' actual

22 and constructive notice that the physical configuration of the facilities including, but not

23 limited to, architectural barriers constituting THE COVE and/or building(s) was in violation of

24 the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not

25 limited to, communications with invitees and guests, owners of other restaurants, hotels,

26 motels and businesses, notices they obtained from governmental agencies upon modification,

27 improvement, or substantial repair of the subject premises and other properties owned by these

28 defendants, newspaper articles and trade publications regarding the Americans with

1  Disabilities Act of 1990 and other access laws, public service announcements by former U.S.

2  Attorney General Janet Reno between 1993 and 2000, and other similar information.

3  Defendants' failure, under state and federal law, to make THE COVE accessible is further

4  evidence of defendants' conscious disregard for the rights of plaintiff and other similarly

5  situated persons with disabilities.  The scope and means of the knowledge of each defendant is

6  within each defendant's exclusive control and cannot be ascertained except through discovery.

7  Despite being informed of such effect on plaintiff and other persons with physical disabilities

8  due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully

9  refused to take any steps to rectify the situation and to provide full and equal access for

10  plaintiffs and other persons with physical disabilities to THE COVE.  Said defendants, and

11  each of them, have continued such practices, in conscious disregard for the rights of plaintiffs

12  and other persons with physical disabilities, up to the date of filing of this complaint, and

13  continuing thereon.  Defendants had further actual knowledge of the architectural barriers

14  referred to herein by virtue of the demand letter addressed to the defendants and served

15  concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it

16  was and is having on plaintiffs and other persons with physical disabilities, constitutes

17  despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other

18  similarly situated persons, justifying the imposition of punitive and exemplary damages per

19  Civil Code §3294.

20          43.    Punitive Damages -- Defendants, and each of them, at times prior to and

21  including May 22, 2003, and continuing to the present time, knew that persons with physical

22  disabilities were denied their rights of equal access to all portions of this public facility.

23  Despite such knowledge, defendants, and each of them, failed and refused to take steps to

24  comply with the applicable access statutes; and despite knowledge of the resulting problems

25  and denial of civil rights thereby suffered by plaintiffs and other similarly situated persons

26  with disabilities, including the specific notices referred to in paragraph 42 of this complaint.

27  Defendants, and each of them, have failed and refused to take action to grant full and equal

28  access to persons with physical disabilities in the respects complained of hereinabove.

1   Defendants, and each of them, have carried out a course of conduct of refusing to respond to,

2   or correct complaints about, denial of handicap access and have refused to comply with their

3   legal obligations to make THE COVE accessible pursuant to the Americans with Disabilities

4   Act of 1990, Americans with Disabilities Act Accessibility Guidelines (ADAAG) and Title 24.

5   Such actions and continuing course of conduct by defendants, and each of them, evidence

6   despicable conduct in conscious disregard for the rights or safety of plaintiffs and of other

7   similarly situated persons, justifying an award of exemplary and punitive damages pursuant to

8   §3294, Civil Code.

9       44.    Defendants', and each of their, actions have also been oppressive to persons

10  with physical disabilities and of other members of the public, and have evidenced actual or

11  implied malicious intent toward those members of the public, such as plaintiffs and other

12  persons with physical disabilities who have been denied the proper access they are entitled to

13  by law.  Further, defendants', and each of their, refusals on a day-to-day basis to remove the

14  barriers complained of herein evidence despicable conduct in conscious disregard for the rights

15  of plaintiffs and other members of the public with physical disabilities.

16      45.    Plaintiffs pray for an award of punitive damages against defendants, and each of

17  them, pursuant to Civil Code §3294 in an amount sufficient to make a more profound example

18  of defendants and discourage owners and operators of other restaurants, and other public

19  facilities, from willful disregard of the rights of persons with physical disabilities.  Plaintiffs

20  do not know the financial worth of defendants, or the amount of punitive damages sufficient to

21  accomplish the public purposes of §3294 of the Civil Code and seek leave to amend this

22  complaint when such facts are known.

23      46.    Plaintiff JAREK MOLSKI and plaintiff DREES, on behalf of its membership

24  and the disability community which it serves, consisting of persons with disabilities, would,

25  could and will return to the subject public accommodation when it is made accessible to

26  persons with disabilities.

27  ///

28  ///

**I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a
California public benefit corporation and Against Defendants GURRIES
ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE,
inclusive)
(42 U.S.C. §12101, *et seq.*)

47.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 46 of this complaint.

48.     Pursuant to law, in 1990, the United States Congress made findings per

42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed

to more fully protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be
> a serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality
> of opportunity, full participation, independent living and
> economic self-sufficiency for such individuals; [and that] the
> continuing existence of unfair and unnecessary discrimination and
> prejudice denies people with disabilities the opportunity to
> compete on an equal basis and to pursue those opportunities for
> which our free society is justifiably famous.

49.     Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and
> comprehensive national mandate for the elimination of
> discrimination against individuals with disabilities; (2) to provide
> clear, strong, consistent, enforceable standards addressing
> discrimination against individuals with disabilities; (3) to ensure
> that the Federal government plays a central role in enforcing the
> standards established in this act on behalf of individuals with
> disabilities; and (4) to invoke the sweep of Congressional
> authority, including the power to enforce the 14th Amendment
> and to regulate commerce, in order to address the major areas of
> discrimination faced day to day by people with disabilities.

50.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336

(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

accommodations identified for purposes of this title was:

1  |  (7)    PUBLIC ACCOMMODATION - The following private
entities are considered public accommodations for purposes of
2  |  this title, if the operations of such entities affect commerce -

3  |  . . .

4  |  (B) a restaurant, bar or other establishment serving food or drink;

5  |  42 U.S.C. §12181(7)(B)

6  |  51.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

7  |  against on the basis of disability in the full and equal enjoyment of the goods, services,

8  |  facilities, privileges, advantages, or accommodations of any place of public accommodation by

9  |  any person who owns, leases, or leases to, or operates a place of public accommodation."

10  |  52.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

11  |  42 U.S.C. §12182(b)(2)(a) are:

12  |  (i)    the imposition or application of eligibility criteria
that screen out or tend to screen out an individual with a
13  |  disability or any class of individuals with disabilities from fully
and equally enjoying any goods, services, facilities, privileges,
14  |  advantages, or accommodations, unless such criteria can be
shown to be necessary for the provision of the goods, services,
15  |  facilities, privileges, advantages, or accommodations being
offered;

16  |

17  |  (ii)    a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are
necessary to afford such goods, services, facilities, privileges,
18  |  advantages or accommodations to individuals with disabilities,
unless the entity can demonstrate that making such modifications
19  |  would fundamentally alter the nature of such goods, services,
facilities, privileges, advantages, or accommodations;

20  |

21  |  (iii)    a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
services, segregated or otherwise treated differently than other
22  |  individuals because of the absence of auxiliary aids and services,
unless the entity can demonstrate that taking such steps would
23  |  fundamentally alter the nature of the good, service, facility,
privilege, advantage, or accommodation being offered or would
24  |  result in an undue burden;

25  |  (iv)    a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
26  |  facilities . . . where such removal is readily achievable; and

27  |  ///

28  |  ///

> (v)     where an entity can demonstrate that the removal
> of a barrier under clause (iv) is not readily achievable, a failure
> to make such goods, services, facilities, privileges, advantages or
> accommodations available through alternative methods if such
> methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

53.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of THE COVE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

54.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Further, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///

///

///

55.     On information and belief, construction work on, and modifications of, the subject building(s) of THE COVE occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

56.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs cannot return to or make use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

57.     Per 42 U.S.C. 12188 (a)(1), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this last section, plaintiff JAREK MOLSKI has not returned to defendants' premises since on or about May 22, 2003, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

58.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                    18

59.     Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a), 54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is a violation of California's Unruh Civil Rights Act.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

60.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this complaint.

61.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

62.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

///

///

63. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

64. Plaintiff JAREK MOLSKI and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1. A separate act in violation of §§54 and 54.1 has been committed EACH DAY that defendants act or fail to act and/or knowingly and willfully fail and refuse to remove **each** architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of THE COVE. Plaintiffs have been denied full and equal access on an ongoing basis since the date of plaintiff JAREK MOLSKI's first visit. As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a), which provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

65. The public facilities above described constitute "public facilities and public accommodations" within the meaning of Health & Safety Code §19955 and were facilities to which members of the public are invited. The aforementioned acts and omissions of defendants, and each of them, constitute a denial of equal access to use and enjoyment of these

1 facilities by persons with disabilities including plaintiffs. Said acts and omissions are also in

2 violation of provisions of Title 24 of the California Building Standards Code.

3     66.    On or about May 22, 2003, plaintiff JAREK MOLSKI suffered violations of

4 §§54 and 54.1 of the Civil Code in that plaintiff JAREK MOLSKI was denied access to

5 signage, parking, entry door, food counter, men's restroom, women's restroom and other

6 public facilities as stated herein at the THE COVE and on the basis that plaintiff JAREK

7 MOLSKI was a person with physical disabilities.

8     67.    As a result of the denial of equal access to defendants' facilities due to the acts

9 and omissions of defendants, and each of them, in owning, operating and maintaining these

10 subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but

11 not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff JAREK MOLSKI

12 suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain

13 and pain in wheeling and attempting to and/or transferring on, over, through and around

14 architectural barriers. Specifically, as a legal result of defendants negligence in designing,

15 constructing and maintaining its existing men's restroom without the additional grab bar,

16 plaintiff injured his upper extremities while transferring to and from the toilet.), emotional

17 distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation,

18 embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are

19 expectedly and naturally associated with a denial of access to a person with physical

20 disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions

21 to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or

22 an entity that represents persons with physical disabilities and unable, because of the

23 architectural barriers created and maintained by the defendants in violation of the subject laws,

24 to use the public facilities hereinabove described on a full and equal basis as other persons.

25     68.    Plaintiffs have been damaged by defendants', and each of their, wrongful

26 conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for

27 violation of plaintiffs' rights as persons or an entity that represents persons with physical

28 disabilities on or about May 22, 2003, and on a continuing basis since then, including

statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

69.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of §54.3 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

III.   **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(Health & Safety Code §19955, *et seq.*)

70.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 69 of this complaint.

71.    Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

///

72.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.   On information and belief, portions of the THE COVE and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of THE COVE and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

73.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of THE COVE and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

74.     Restaurants such as THE COVE are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

75.     As a legal result of denial of access to plaintiffs as hereinabove described, plaintiff JAREK MOLSKI suffered bodily and emotional injuries expectedly, normally and naturally associated with a denial of access to signage, parking, entry door, food counter, men's restroom, women's restroom and other public areas as stated herein.

76.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities, suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities, and plaintiff JAREK MOLSKI further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring on, over, through and around architectural barriers. Specifically, as a legal result of defendants negligence in designing, constructing and maintaining its existing men's restroom without the additional grab bar, plaintiff injured his upper extremities while transferring to and from the toilet.), emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry expectedly and naturally associated with a person with physical disabilities being denied access, all to plaintiffs' damages as prayed hereinafter in an amount within the jurisdiction of this court.

77.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

///

78. Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

79. Plaintiffs seek damages pursuant to California Civil Code §§52(a) and 54.3.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV. FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(Civil Code §51, 51.5)

80. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 79 of this complaint.

81. Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require

construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

82. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

83. Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Further, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiffs

1  accordingly incorporate the entirety of their above cause of action for violation of the

2  Americans with Disabilities Act at ¶¶46, *et seq.*, as if repled herein.

3        84.    As a legal result of the violation of plaintiff JAREK MOLSKI's civil rights as

4  hereinabove described, plaintiff JAREK MOLSKI has suffered general damages, bodily injury

5  (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to

6  and/or transferring on, over, through and around architectural barriers.  Specifically, as a

7  legal result of defendants negligence in designing, constructing and maintaining its existing

8  men's restroom without the additional grab bar, plaintiff injured his upper extremities while

9  transferring to and from the toilet.), physical injury, emotional distress (all to plaintiff's

10  damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs

11  JAREK MOLSKI and DREES are entitled to the rights and remedies of §52(a) of the Civil

12  Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

13  "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

14  allowed by statute, according to proof if deemed to be the prevailing party.

15        Wherefore, plaintiffs pray that this court grant relief and damages as hereinafter stated.

16  **V.    FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN**
    **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200,**
17  **ET SEQ.**
    (On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS,
18  ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a
    California public benefit corporation, and Against Defendants GURRIES
19  ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE,
    inclusive)
20  (Business & Professions Code §17200, *et seq.*)

21        85.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

22  the allegations contained in paragraphs 1 through 84 of this complaint.

23        86.    Defendants, and each of them, have had actual and constructive notice of the

24  Americans with Disabilities Act of 1990 and have seen places of public accommodation similar

25  to the public accommodations subject to this action made accessible to persons with

26  disabilities, *i.e.*, public accommodations with accessible parking and parking signage,

27  accessible food counters and accessible bathrooms.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                              27

87. Defendants GURRIES ENTERPRISES; and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, and each of them, and their agents, ostensible agents, masters, servants, employers, employees, representatives, franchisors, franchisees, joint venturers, alter egos, partners and/or associates, although having actual and constructive knowledge of the Americans with Disabilities Act of 1990 and accessible elements of public accommodations, have engaged in an unlawful and unfair business act or practice of the California Business and Professions Code

> 17200. As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code
>
> (Calif. Bus. & Prof. Code §17200)

in that defendants, and each of them, have intentionally and/or negligently failed to identify and remove architectural barriers at the subject THE COVE, thereby denying plaintiffs and those similarly situated from the opportunity to enjoy the goods and services provided therein.

88. Plaintiffs JAREK MOLSKI and DREES have the right to act as private attorneys general to remedy such acts, as provided in sections 17204 and 17205 of the California Business and Professions Code, to wit:

> 17204. Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor or, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.
> .   .   .

///

///

///

17205.  Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

(Calif. Bus. & Prof. Code §§17204 and 17205)

Wherefore, plaintiffs pray that this court grant relief and damages as follows:

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive, to make THE COVE, located at 303 First Street, Gilroy, California, readily accessible to and usable by individuals with disabilities, per Public Law 10  1-336, §308; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive, to make THE COVE,

located at 303 First Street, Gilroy, California, readily accessible to and usable by individuals

with disabilities, per state law.

   2.   Statutory damages as afforded by Civil Code §54.3 for the date of incident and

for each day, from the inception of the filing of this complaint, on which defendants have

failed to remove barriers which denied plaintiffs and other persons with disabilities full and

equal access.

   3.   Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

Procedure §1021.5, if plaintiffs are deemed the prevailing party;

   4.   Punitive damages pursuant to Civil Code §3294;

   5.   For all costs of suit;

   6.   Prejudgment interest pursuant to Civil Code §3291;

   7.   Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff JAREK MOLSKI, and Against Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

   1.   General and compensatory damages according to proof.

**IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants GURRIES ENTERPRISES;  and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(Health & Safety code §19955, *et seq.*)

   1.   For injunctive relief, compelling defendants GURRIES ENTERPRISES;  and

ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive, to make THE COVE,

located at 303 First Street, Gilroy, California, readily accessible to and usable by individuals

with disabilities, per state law.

///

///

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

**V. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff JAREK MOLSKI, and Against Defendants GURRIES ENTERPRISES; and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(Health & Safety code §19955, *et seq.*)

1. General and compensatory damages according to proof under Civil Code §§52(a) and 54.3;

2. Special and consequential damages according to proof under Civil Code §§52(a) and 54.3.

**VI. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants GURRIES ENTERPRISES; and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each day on which defendants have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges or services in any business establishment or have otherwise denied to plaintiffs and persons with physical disabilities equal access;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. Punitive damages pursuant to Civil Code §3294;

4. For all costs of suit;

5. Prejudgment interest pursuant to Civil Code §3291; and

1    6.    Such other and further relief as the court may deem just and proper.

2   **VII.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
3   **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
    **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
    **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4   (On Behalf of Plaintiff JAREK MOLSKI, and Against Defendants GURRIES
    ENTERPRISES; and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE,
5   inclusive)
    (California Civil Code §§51, 51.5, *et seq.*)

6
7    1.    General and compensatory damages to plaintiff JAREK MOLSKI according to

proof.

8
9   **VIII.    PRAYER FOR FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS**
    **PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND**
    **PROFESSIONS CODE §17200, *ET SEQ.***
10  (On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS,
    ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a
11  California public benefit corporation, and Against Defendants GURRIES
    ENTERPRISES; and ROBB C. JOOS and VICKI C. JOOS, dba THE COVE,
12  inclusive)
    (Business & Professions Code §17200, *et seq.*)

13
14   1.    For injunctive relief, compelling defendants GURRIES ENTERPRISES; and

15  ROBB C. JOOS and VICKI C. JOOS, dba THE COVE, inclusive, to make THE COVE,

16  located at 303 First Street, Gilroy, California, readily accessible to and usable by individuals

with disabilities, per state law.
17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    2.    Attorneys' fees pursuant to applicable code if plaintiffs are deemed the

2  prevailing party.

3  Dated: May 10, 2004             THOMAS E. FRANKOVICH
                                   *A PROFESSIONAL LAW CORPORATION*

4

5

6                                  By: _____/s/_____
                                        THOMAS E. FRANKOVICH

7                                  Attorneys for Plaintiffs JAREK MOLSKI and
                                   DISABILITY RIGHTS, ENFORCEMENT,

8                                  EDUCATION SERVICES:HELPING YOU HELP
                                   OTHERS, a California public benefit corporation

9
                                   **DEMAND FOR JURY TRIAL**
10
          Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
11

12  Dated: May 10, 2004             THOMAS E. FRANKOVICH
                                    *A PROFESSIONAL LAW CORPORATION*

13

14                                  By: _____/s/_____
                                         THOMAS E. FRANKOVICH

15                                  Attorneys for Plaintiffs JAREK MOLSKI and
                                    DISABILITY RIGHTS, ENFORCEMENT,

16                                  EDUCATION SERVICES:HELPING YOU HELP
                                    OTHERS, a California public benefit corporation

17

18

19

20

21

22

23

24

25

26

27

28